# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2011

Lyle W. Cayce
Clerk

No. 10-51210
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON GAYTAN-ESTRADA, also known as Sergio Lopez-Gaytan, also known as Aaron Gaytan Estrada,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2189-1

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Aaron Gaytan-Estrada (Gaytan) appeals the sentence imposed following his guilty plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He contends that the advisory guidelines range of 46 to 57 months was too severe, the illegal reentry Guideline is not empirically based, and it double counts the defendant's criminal record. In reliance on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), he asserts that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the argument to preserve it for possible review by the Supreme Court. He further contends that the lack of a "fast-track" disposition program in the El Paso division of the Western District of Texas creates an unwarranted sentencing disparity, but he concedes that the issue is foreclosed.

Gaytan's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see also Mondragon-Santiago,* 564 F.3d at 366-67. We have previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6). As Gaytan concedes, his argument that the lack of a "fast-track" disposition program in the El Paso division of the Western District of Texas creates an unwarranted sentencing disparity also is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

Gaytan contends that the guidelines range overstated the seriousness of his offense because his conduct was "not evil in itself," was not a violent crime, and "was, at bottom, a trespassory offense" and that the guidelines range did not properly account for the circumstances of his offense or his history, including his motive for reentering. Gaytan's disagreement with the district court's weighing of the § 3553(a) factors and the appropriateness of his within-guidelines sentence does not suffice to show error in connection with his sentence. *See Gomez-Herrera*, 523 F.3d at 565-66. Gaytan has not shown that his sentence was unreasonable, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Gaytan has not shown that the district court abused its discretion under *Gall v. United States*, 552 U.S. 38, 49-50 (2007), and thus

has shown no error, plain or otherwise.  Accordingly, the judgment of the district court is AFFIRMED.